

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHUCKLES, INC., | : | **16   5754** |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | |
| | : | |
| SEXY HAIR CONCEPTS, LLC, | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## COMPLAINT

Plaintiff Chuckles, Inc. ("Chuckles"), by and through its attorneys, and as and for its Complaint against Sexy Hair Concepts, LLC ("Defendant"), avers as follows:

1. This civil action asserts claims for trademark infringement, false designation of origin, and unfair competition arising under the Lanham Act, as amended, 15 U.S.C. §§ 1051 et seq., and the common law. The amount in controversy exclusive of interests and costs exceeds the sum or value of $75,000.

2. This Court has jurisdiction over the claims Chuckles is asserting under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a) and (b), 1338(a) and (b), and 1367(a).

3. Chuckles is a New Hampshire corporation having its principal place of business at 11925 South Willow Street Manchester, New Hampshire 03103.

4. On information and belief, Defendant is a Delaware limited liability company, having a place of business at 21551 Prairie Street, Chatsworth, California 91311.

5. On information and belief, Defendant is in the business of, among other things, marketing, selling and distributing hair care preparations throughout the United States of

America, including in this judicial district, through its interactive website located at URL http://www.sexyhair.com and through established business channels, wholesalers, distributors, retailers, salons and beauty supply stores, through which Defendant derives substantial revenue.

6. On information and belief, Defendant regularly and continuously transacts business within Pennsylvania and this judicial district, including by selling hair care preparations, either directly or indirectly, in Pennsylvania and this judicial district. On further information and belief, Defendant derives substantial revenue from such sales and has purposefully availed itself of the privilege of conducting business in Pennsylvania and this judicial district.

7. On information and belief, Defendant directly and indirectly markets, sells and distributes the below-described COLOR SAFE hair care preparations throughout the United States of America and in this judicial district, through its interactive website located at URL http://www.sexyhair.com and through established business channels, wholesalers, distributors, retailers, salons and beauty supply stores.

## COUNT I – TRADEMARK INFRINGEMENT

8. As a cause of action and ground for relief, Chuckles alleges trademark infringement by Defendant under Section 32(1) of the Lanham Act, 15 U.S.C. 1114(1), and at common law, and incorporates ¶¶ (1) through (7) of the Complaint as a part of this count.

9. Chuckles has been and now is extensively engaged in the business of manufacturing and marketing in interstate commerce a wide variety of hair care preparations, and since at least as early as 1994, long prior to the acts complained of herein, has used the mark

COLORSAFE in connection with hair care preparations and in the advertising, marketing and sale of the same in interstate commerce.

10. Chuckles' goods sold under the mark COLORSAFE, which are recognized to be of the highest quality, are offered for sale and sold in interstate commerce.

11. From 1994 to the present, Chuckles' advertising and sales of goods under the mark COLORSAFE have been and are significant.

12. As a result of such substantial advertising and sales under the mark COLORSAFE and the maintenance of premium quality standards relating thereto, the mark COLORSAFE has become widely and favorably recognized by the general consuming public as a distinctive indication of the origin of the goods of Chuckles. The mark COLORSAFE has become and is an extremely valuable symbol of Chuckles, its quality products, reputation and goodwill.

13. Chuckles duly registered the mark COLORSAFE for "hair care preparations" in the United States Patent and Trademark Office ("USPTO") under Registration No. 1,996,034, which issued August 20, 1996.

14. Registration No. 1,996,034 is prima facie evidence of the validity the mark shown therein and Chuckles' ownership thereof, and is constructive notice of ownership of the mark COLORSAFE by Chuckles, all as provided by Sections 7(b) and 22 of the Lanham Act, 15 U.S.C. §§ 1057(b) and 1072. As Registration No. 1,996,034 has achieved incontestable status under Section 15 of the Lanham Act, 15 U.S.C. § 1065, said registration is conclusive evidence of Chuckles' exclusive right to use the mark COLORSAFE in commerce. A true and correct copy of Registration No. 1,996,034 is annexed hereto as Exhibit A and made a part hereof.

15. Registration No. 1,996,034 and the mark COLORSAFE covered thereby are valid, in full force and effect, and are owned by Chuckles.

16. Notwithstanding Chuckles' well-known and prior common law and statutory rights in the mark COLORSAFE, Defendant, with at least constructive notice of Chuckles' federal registration rights under 15 U.S.C. § 1072, and long after Chuckles established its rights in COLORSAFE, has adopted and used the mark COLOR SAFE in this judicial district and in interstate commerce, in connection with and to identify its hair care preparations.

17. Defendant is not associated, affiliated or connected with or authorized, endorsed or sanctioned by Chuckles. Further, Defendant's use of COLOR SAFE in the manner herein alleged was and is without the consent or authority of Chuckles.

18. The mark COLOR SAFE used by Defendant is virtually identical to Chuckle's mark COLORSAFE.

19. Chuckle's mark COLORSAFE and Defendant's mark COLOR SAFE engender identical appearances, sounds, meanings and overall commercial impressions, such that confusion as to the source of the goods offered under the respective marks is likely to result.

20. The parties' respective goods offered and sold under the marks described herein are identical, and they move in similar channels of trade.

21. Defendant's use of COLOR SAFE, in manner herein alleged, is likely to cause the public to believe, contrary to fact, that Defendant's hair care preparations offered under the mark COLOR SAFE are sponsored, licensed and/or otherwise approved by, or are in some way connected or affiliated with Chuckles.

4

22. Defendant's COLOR SAFE hair care preparations are likely to be marketed to, purchased, used or otherwise received by Chuckle's consumers and potential consumers of Chuckles' hair care products. Such consumers, upon encountering, purchasing, using or otherwise receiving Defendant's hair care products, are likely to be confused and deceived and are likely to falsely believe in the existence of some association between Defendant or its goods and Chuckles, all to the injury of Chuckles.

23. Defendant's use of the mark COLOR SAFE, as set forth above, is likely to damage and materially diminish the value of the mark COLORSAFE and result in Defendant unfairly benefiting and profiting from the reputation and goodwill that is represented by Chuckles' mark COLORSAFE.

24. Defendant's use of COLOR SAFE in the manner hereinabove alleged constitutes trademark infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and at common law.

25. On information and belief, Defendant had actual knowledge of Chuckles' prior use of the mark COLORSAFE when Defendant adopted and began using the mark COLOR SAFE in connection with its hair care products. On information and belief, Defendant has long known of the fact that the public associates the mark COLORSAFE with the goods of Chuckles, and Defendant has sought to capitalize on the goodwill engendered by the mark COLORSAFE by adopting the identical mark.

26. On information and belief. Defendant has engaged in the aforementioned, complained-of acts willfully, deliberately and with an entire want of care as would raise the presumption of conscious indifference to its consequences.

27. By reason of Defendant's acts alleged herein, Chuckles has and will suffer damage to its business, reputation and goodwill, and Defendant has and will enjoy profits to which it is otherwise not entitled, for which Chuckles are entitled to relief at law.

28. Unless enjoined by this Court, Defendant will continue to infringe the mark COLORSAFE, thereby deceiving the public and causing Chuckles immediate and irreparable injury. It would be difficult to ascertain the amount of compensation that could afford Chuckles adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Chuckles' remedy at law is not adequate to compensate it for injuries threatened.

## COUNT II – FALSE DESIGNATION OF ORIGIN

29. As a cause of action and ground for relief, Chuckles alleges that Defendant has engaged in acts in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and incorporates by reference ¶¶ (1) through (28) of the Complaint as a part of this count.

30. Defendant's use of the mark COLORSAFE in the manner herein alleged constitutes a false designation of origin within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which is likely to cause confusion, mistake or deception as to the source, origin, authorization, sponsorship and/or approval of Defendant's hair care products with respect to the mark COLORSAFE.

31. The nature and probable tendency and effect of Defendant's use of the mark COLOR SAFE in the manner herein alleged is to enable Defendant to confuse or deceive the public by misrepresenting the goods offered for sale and sold under said mark, as sponsored, licensed and/or otherwise approved by, or are in some way connected or affiliated with

Chuckles. Such conduct constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. On information and belief, Defendant's actions have been conducted intentionally and willfully, with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high quality reputation of Chuckles and to improperly appropriate to itself the valuable trademark rights of Chuckles.

## COUNT III – UNFAIR COMPETITION

33. As a cause of action and ground for relief, Chuckles alleges that Defendant has engaged in acts of unfair competition at common law, and incorporates by reference ¶¶ (1) through (32) of the Complaint as a part of this count.

34. By virtue of Defendant's acts, herein pleaded, Defendant has engaged in conduct which is contrary to honest, industrial and commercial practice, and thus, has engaged in unfair competition, in violation of the common law.

35. Defendant's acts, hereinabove pleaded, are calculated to procuring an unfair competitive advantage by misappropriating the valuable goodwill developed by Chuckles at substantial effort and expense and represented by the mark COLORSAFE.

36. On information and belief, Defendant has engaged in the aforementioned acts willfully and deliberately and with full knowledge of the mark COLORSAFE and Chuckles' rights therein.

37. Defendant will continue to compete unfairly unless restrained by this Court. As a result of Defendant's unfair competition, Chuckles will be unable to control the loss of the

distinctive quality and reputation represented by the mark COLORSAFE and will sustain still further damages in an amount difficult to ascertain.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chuckles, Inc. respectfully prays that:

1. The Court enter judgment declaring that:

   a. Defendant has infringed the mark COLORSAFE under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and at common law;

   b. Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

   c. Defendant has engaged in unfair competition at common law;

   d. Defendant's acts of trademark infringement, false designation of origin and unfair competition were undertaken willfully and knowingly; and

   e. This case is "exceptional" pursuant to 15 U.S.C. § 1117.

2. Defendant and each of its members, agents, employees, successors and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined from:

   a. Using the trademarks COLORSAFE, COLOR SAFE and/or any other confusingly similar designation, alone or in combination with other words, phrases, symbols or designs, as a trademark, domain name component, or otherwise to market, advertise or identify Defendant's goods or commercial activities;

   b. Otherwise infringing the mark COLORSAFE;

      c.      Unfairly competing with Chuckles, Inc. in any manner whatsoever or otherwise injuring its business reputation in the manner complained of herein;

      d.      Engaging in any other conduct that causes or is likely to cause confusion, mistake or misunderstanding as to the affiliation, connection, association, origin, sponsorship or approval of Defendant's goods with Chuckles, Chuckles' goods or business, or its COLORSAFE mark; and

      e.      Engaging in assignments or transfers, formation of new entities or associations or utilization of any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in sub-paragraphs (a) through (d) above.

3. Pursuant to 15 U.S.C. § 1118, Defendant be ordered that all labels, signs, prints, packages, wrappers, receptacles, advertisements, electronic or computer files in the possession, custody or control of Defendant, bearing the mark COLORSAFE, or any reproduction, counterfeit, copy, or colorable imitation thereof and all plates, molds, matrices, and other means of making or reproducing the same, be delivered up to Chuckles, Inc. and destroyed.

4. Defendant be required, within thirty (30) days after service of judgment, to file with this Court and serve upon Chuckles, Inc.'s counsel, a written report, under oath, setting forth in detail the manner in which they have complied with the Judgment.

6. Defendant be directed to pay to Chuckles, Inc. compensatory damages in an amount to be determined at trial for the injuries sustained by it in consequence of the acts complained of herein and that such damages be trebled because of the willful acts described

herein.

7. Defendant be required to account for and pay to Chuckles, Inc. all profits realized by it as the result of the acts complained of herein.

8. Defendant be required to pay to Chuckles, Inc. both the costs of this action and the reasonable attorneys' fees incurred by Chuckles, Inc.

9. Defendant be required to pay pre- and post-judgment interest according to law.

10. The Court award any available punitive and exemplary damages against Defendant and in favor of Chuckles, Inc.

11. Chuckles, Inc. be granted such other, different and additional relief as this Court deems equitable and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rule of Civil Procedure, Chuckles, Inc. demands trial by jury on all claims asserted herein.

Respectfully submitted,

**CAESAR RIVISE, PC**

Dated: November 3, 2016

By: _____
Robert S. Silver (PA ID# 53,046)
Salvatore Guerriero (PA ID# 83680)
1635 Market Street
12th Floor – Seven Penn Center
Philadelphia, PA 19103
Tel: (215) 567-2010

Attorney for Plaintiff
Chuckles, Inc. 53,046

# EXHIBIT A

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 1,996,034
Registered Aug. 20, 1996

## TRADEMARK
### PRINCIPAL REGISTER

### COLORSAFE

CHUCKLES, INC. (NEW HAMPSHIRE CORPORATION)
295 EAST INDUSTRIAL PARK DRIVE
MANCHESTER, NH 03109

FOR: HAIR CARE PREPARATIONS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 8-10-1994; IN COMMERCE 8-10-1994.

SN 74-566,804, FILED 8-29-1994.

LYNN A. LUTHEY, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

**United States Patent and Trademark Office**  Reg. No. 1,996,034
Registered Aug. 20, 1996

## TRADEMARK
### PRINCIPAL REGISTER

## COLORSAFE

CHUCKLES, INC. (NEW HAMPSHIRE CORPORATION)
295 EAST INDUSTRIAL PARK DRIVE
MANCHESTER, NH 03109

FOR: HAIR CARE PREPARATIONS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 8-10-1994; IN COMMERCE 8-10-1994.

SN 74-566,804, FILED 8-29-1994.

LYNN A. LUTHEY, EXAMINING ATTORNEY